UNITED STATES DISTRICT COURT
MIDDLE DISTRICT
TAMPA DIVISION

ANN G. YANIGA,

    Plaintiff,

vs.                                                    Case No.: 8:11-cv-1371-T-23TBM

FLORIDA DEPARTMENT OF
TRANSPORTATION,

    Defendant.
_____/

**MOTION TO QUASH SERVICE OF PROCESS**
**ON THE FLORIDA DEPARTMENT OF TRANSPORTATION**
**AND MEMORANDUM OF LAW**

    COMES NOW, Defendant, Florida Department of Transportation, by and through the undersigned counsel, and moves to quash the service of process directed to the Department of Transportation as insufficient.  The Defendant does not hereby waive any future objection to personal jurisdiction, insufficiency of process, or venue by filing of this Motion.

**MOTION TO QUASH**

    1.    By Order of this Court, September 27, 2011, (Dkt. 17), Plaintiff's first attempt at service of process by certified mail was quashed.

    2.    By further Order of the Court, Plaintiff was given an extension of time until November 30, 2011 to properly serve the Defendant.  (Dkt. 22.)

    3.    On November 17, 2011, Plaintiff filed documents with the Court (Dkt. 24) in she attests that a summons and complaint was sent to the Defendant by certified mail.  As part of that filing, Plaintiff included a copy of a letter dated November 14, 2011 from Gerald B. Curington, General Counsel of the Department of Transportation, which acknowledges receipt by certified

mail of a Summons in a Civil Action and a Complaint. This is not a waiver of service of process nor has the Department received a request for waiver.

4. Certified mail is insufficient service of process on the Department of Transportation and as such does not confer personal jurisdiction over the Department of Transportation. Same should be quashed.

5. A Memorandum of Law in Support of this Motion follows.

### **MEMORANDUM OF LAW**

The Federal Rules of Civil Procedure require that a summons and complaint be served by any person who is at least 18 years old and not a party, or a marshal, deputy marshal or by a person specially appointed by the Court. F.R.C.P. § 4(c). In addition Rule 4(j)(2) requires a specific manner of service on a State Agency such as the Department of Transportation, as follows.

> A state, a municipal corporation, or any state-created governmental organization that is subject to suit ***must*** be served by:
> (A) **delivering** a copy of the summons and of the complaint to its chief executive officer; or
> (B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant.
> (Emphasis provided.)

The use of the word "must" in a rule or statute makes the action prescribed mandatory. The statutory method of service is exclusive and must be strictly followed. *Kelly v. Florida*, 233 F.R.D. 632 (11th Cir. 2007), 18 Fla. Weekly Fed. D. 1049 (S.D. Fla. 2005) citing *Erection Service Inc. v. Sims Crane Service, Inc.*, 379 So.2d 423, 425 (Fla. 2nd DCA 1980).

Mailing is not "delivering" under Federal Rule of Civil Procedure 4. *See e.g. Gilliam v. County of Tarrant,* 94 F. Appx. 230, 230 (5th Cir. 2004). "Service by certified mail is not personal

delivery, and therefore, it is not sufficient under federal law." *Dyer v. Wal-Mart Stores, Inc.*, 2008 WL 1913924 (M.D.Fla.) quoting *Emerald Coast Finest Produce Co., Inc. v. QSR Group Three, LLC*, No. 3:07-cv-132, 2007 WL 1526650, *1-2 (N.D.Fla. May 24, 2007).   See also *Peters v. United States*, 9 F3d 344, 345 (5th Cir. 1993); *Larsen v. Mayo Med. Ctr.*, 218 F. 3d 863, 868 (8th Cir. 2000).

When service of process is insufficient, a district court lacks personal jurisdiction over a defendant and therefore has no power to render judgment over the defendant. *Valdez v. Feltman (In re Worldwide Web Systems, Inc.)*, 328 F.3d 1291, 1295 (11th Cir.2003).

The burden of demonstrating proper service is on the plaintiff. *Familia de Boom v. Arosa Mercantil, S.A.*, 629 F.2d 1134, 1139 (5th Cir. 1980).[1]

In the instant case, Plaintiff once again attempted to serve process using certified mail instead of following the Rules of Civil Procedure and applicable case law.  Unless service is proper, the Court lacks jurisdiction over the Department of Transportation.

WHEREFORE, since the service of process on the Florida Department of Transportation is insufficient as a matter of law, the undersigned moves that it be quashed.

---

[1] The Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit prior to October 1, 1981. *Bonner v. City of Pritchard*, 661 F.2d 1206, 1209 (11th Cir. 1981).

        Respectfully Submitted,
        PAMELA JO BONDI
        Attorney General

        s/ Diana R. Esposito
        Diana R. Esposito
        Assistant Attorney General
        Florida Bar #0016523
        Attorney for the Florida Dept. of Transportation
        Office of the Attorney General
        501 East Kennedy Boulevard, Suite 1100
        Tampa, FL   33602-5237
        T - 813 / 233-2880
        F - 813 / 233-2886
        Diana.Esposito@myfloridalegal.com

## CERTIFICATE OF SERVICE

     I HEREBY CERTIFY that on November 21, 2011, I electronically filed the foregoing with the Clerk of the Court, by using the CM/ECF system which will send a notice of electronic filing to all CM/ECF parties and counsel of record.  I have also sent a copy by U.S. postal service to the following.

Ann G. Yaniga
661 77th Avenue N
St. Petersburg, Florida   33702

        s/ Diana R. Esposito
        Diana R. Esposito
        Assistant Attorney General
        Florida Bar #0016523
        Attorney for the Florida Dept. of Transportation
        Office of the Attorney General
        501 East Kennedy Boulevard, Suite 1100
        Tampa, FL   33602-5237
        T - 813 / 233-2880
        F - 813 / 233-2886
        Diana.Esposito@myfloridalegal.com