UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANN G. YANIGA,

    Plaintiff,

v.                                         CASE NO: 8:11-cv-1371-T-23TBM

FLORIDA DEPARTMENT OF
TRANSPORTATION,

    Defendant.
_____/

## ORDER

The *pro se* plaintiff sues (Doc. 1) for age and gender discrimination. A September 27, 2011, order (Doc. 17) grants the Florida Department of Transportation's motion (Doc. 16) and quashes service of process. On November 17, 2011, the plaintiff filed (Doc. 24) a certified mail receipt (Doc. 24, at 2) and a letter from the Department's general counsel, Gerald B. Curington, that "acknowledges service of process of a Summons in a Civil Action and Complaint on the Florida Department of Transportation."[*] (Doc. 24, at 1) The Department moves (Doc. 25) again to quash service of process.

Unquestionably, the Department's general counsel twice received a copy of the complaint and the summons. However, actual notice fails to confer personal jurisdiction over a defendant. *Prewitt Enterprises, Inc. v. Organization of Petroleum*

---

[*] The letter states in full, "Pursuant to our conversation, this letter acknowledges service of process of a Summons in a Civil Action and Complaint on the Florida Department of Transportation. This summons was received via certified U.S. mail on November 8, 2011."

*Exporting Countries*, 353 F.3d 916, 924-25 (11th Cir. 2003). The letter from the Department's general counsel, which "acknowledges" service of process, reveals a conversation in which the Department (either intentionally or unintentionally) misleads the *pro se* plaintiff to believe that the mailing validly served the Department. Despite the conversation and the letter, which support the *pro se* plaintiff's reasonable but mistaken belief of valid service, the Department chooses to again contest service.

Without proper service of process, a district court lacks both personal jurisdiction over a defendant and power to render a judgment. *Hemispherx Biopharma, Inc., v. Johannesburg Consolidated Investments*, 553 F.3d 1351, 1360 (11th Cir. 2008); *Kelly v. Florida*, 233 F.R.D. 632, 634 (S.D. Fla. 2005); *cf. Fla. Dep't of Children & Families v. Sun-Sentinel, Inc.*, 865 So. 2d 1278, 1286 (Fla. 2004). Service of process not in "substantial compliance" with the Federal Rules of Civil Procedure fails to confer personal jurisdiction over the defendant. *Abele v. City of Brooksville, Florida*, 273 Fed. App'x 809, 811 (11th Cir. 2008); *see also Erection Servs., Inc. v. Sims Crane Servs., Inc.*, 379 So. 2d 423, 425 (Fla. 2d DCA 1980) (concluding that Florida service statutes must be "strictly construed").

The *pro se* plaintiff's attempted service fails for two reasons. First, no statute, either federal or state, permits service upon a state agency by certified mail. The definition of "deliver[y]" under Rule 4(j)(2), Federal Rules of Civil Procedure, excludes certified mail. *Dyer v. Wal-Mart Stores, Inc.*, No. 8:07-cv-1905, 2008 WL

1913924 (M.D. Fla. Apr. 28, 2008) (citing *Emerald Coast Finest Produce Co. v. QSR Group Three, LLC*, No. 3:07-cv-132, 2007 WL 1526650, at *1-2 (N.D. Fla. May 24, 2007)). The *pro se* plaintiff shall *personally* (and not by a form of mailing) deliver process. The plaintiff may either hire a process server or file for leave to proceed in forma pauperis, in which case the U.S. Marshal serves the defendant. Federal Rule of Civil Procedure 4(c)(3). Additionally, the plaintiff may obtain a waiver under Rule 4(d).

Second, no statute permits service upon a state agency's general counsel. *Casaburro v. Volusia County Corp.*, No. 6:07-cv-56, 2007 WL 1796252 (M.D. Fla. June 20, 2007). The plaintiff must serve the chief executive officer of the Department – the Secretary, Ananth Prasad. Fed. R. Civ. P. 4(j); Fla. Stat. § 48.111.

The Department's motion (Doc. 25) to quash service is **GRANTED**, and service of process is **QUASHED**. The plaintiff shall serve process on or before **FEBRUARY 17, 2012**.

ORDERED in Tampa, Florida, on December 19, 2011.

*Steven D. Merryday*
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE