UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANN G. YANIGA,

    Plaintiff,

v.                                                      CASE NO: 8:11-cv-1371-T-23TBM

FLORIDA DEPARTMENT OF
TRANSPORTATION,

    Defendant.
_____/

**ORDER**

According to the one-page amended complaint (Doc. 5), the plaintiff, a fifty-two-year-old female, worked as an "Engineering Technician" for the Florida Department of Transportation. The plaintiff applied for a "Specification Development Position" and a "Construction Services Specialist" position. Although the plaintiff qualified for both, the defendant promoted two less-qualified employees, one a male and one a female.

On October 4, 2009, the plaintiff filed a complaint with the defendant and alleged discrimination based on age and sex. On October 25, 2009, the plaintiff began an "Improvement Plan," which she completed on December 29, 2009. Despite the plaintiff's recent completion of the "Improvement Plan," the defendant terminated

the plaintiff on February 19, 2010. The amended complaint (Doc. 5) concludes, "The complaint is a protected activity. The discharge is an adverse action and there is causal connection between the protected activity and the adverse action."

Liberally construed, the amended complaint alleges four violations – age discrimination; sex discrimination; retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*; and age discrimination under the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621, *et seq.* Each claim fails. First, Title VII protects against discrimination based on "race, color, religion, sex, [and] national origin" but not age. 42 U.S.C. § 2000e-2(a)(1); *Kremer v. Chemical Const. Corp*, 456 U.S. 461, 466 n.4 (1982). Second, the Eleventh Amendment immunizes a state employer against a suit under the ADEA. *Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 91 ("We hold only that, in the ADEA, Congress did not validly abrogate the States' sovereign immunity to suits by private individuals. State employees are protected by state age discrimination statutes, and may recover money damages from their state employers, in almost every State of the Union.").

The retaliation and sex discrimination claims fail. Although a pleading drafted by a *pro se* party is interpreted under less stringent standards than a pleading drafted by an attorney, "leniency does not give a court license to serve as *de facto* counsel for a party . . . or to rewrite an otherwise deficient pleading in order to sustain an action."

*GJR Investments, Inc. v. County of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998); *accord Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

Rule 8(a)(2), Federal Rules of Civil Procedure, requires a plaintiff to plead "a short and plain statement of the claim showing that the pleader is entitled to relief." A complaint must allege "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility exists only with "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 129 S. Ct. at 1949. Additionally, Rule 10(b) requires a short, plain statement of each claim "in numbered paragraphs, each limited as far as practicable to a single set of circumstances."

A complaint must contain sufficient factual allegations concerning each material element necessary to recover under a viable legal theory. *Fin. Sec. Assurance, Inc. v. Stephens, Inc.*, 500 F.3d 1276, 1282-83 (11th Cir. 2007). For discrimination under Title VII, the plaintiff must establish that "she was a qualified member of a protected class and was subjected to an adverse employment action in contrast with similarly situated employees outside the protected class." *Butler v. Ala. Dep't of Transportation*, 536 F.3d 1209, 1215 (11th Cir. 2008) (quoting *Wilson v. B/E Aerospace, Inc.*, 376 F.3d 1079, 1087 (11th Cir. 2004)). Specifically, the disparity between the plaintiff's qualifications and the successful applicants qualification's must be "of such

weight and significance that no reasonable person, in the exercise of impartial judgment, could have chosen the candidate selected over the plaintiff." *Brooks v. County Comm'n of Jefferson County*, 446 F.3d 1160, 1163 (11th Cir. 2006) (quoting *Cooper v. S. Co.*, 390 F.3d 695, 732 (11th Cir. 2004)). For retaliation under Title VII, the plaintiff must show (1) a protected activity, (2) a materially adverse employment action, and (3) a causal link between the protected activity and the materially adverse employment action. *Dixon v. The Hallmark Co.*, 627 F.3d 849, 856 (11th Cir. 2010); *Pennington v. City of Huntsvill*, 261 F.3d 1262, 1266 (11th Cir. 2001).

Devoid of factual detail, the amended complaint summarily and opaquely states the above elements. This is not enough. The complaint violates Rules 8 and 10, Federal Rules of Civil Procedure, and fails to plead sufficient facts to state a plausible claim of retaliation and sex discrimination under Title VII. The plaintiff must provide facts sufficiently detailed both to establish that the claim is plausible and to create a reasonable inference of the defendant's Title VII liability.

Conclusion

The defendant's motion (Doc. 30) is **GRANTED**. The (1) age discrimination claim under Title VII is **DISMISSED WITH PREJUDICE**, (2) the sex discrimination claim under Title VII is **DISMISSED WITHOUT PREJUDICE**, (3) the retaliation claim under Title VII is **DISMISSED WITHOUT PREJUDICE**, (4) the age discrimination claim under the ADEA is **DISMISSED WITH**

**PREJUDICE**. The plaintiff may amend the amended complaint on or before **APRIL 13, 2012**.

ORDERED in Tampa, Florida, on March 23, 2012.

*Steven D. Merryday*
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE